**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Vishal Chamaria; Vivek Chamaria; Puja Chamaria; P&V, LLC; and Chip Shop, LLC | 2:17-cv-02023-JAD-CWH |
| Plaintiffs | **Order Denying Motions for Temporary Restraining Order and Preliminary Injunction and Granting Motion to Exceed the Page Limit** |
| v. | |
| Tony M. Diab, et al., | [ECF Nos. 5, 6, 7] |
| Defendants | |

The plaintiffs claim that defendant attorney Tony Diab was representing them in a contract dispute when he pocketed nearly $400,000 of their settlement funds. The plaintiffs move for a temporary restraining order and a preliminary injunction directing Diab to immediately return this money to them so that they can buy a house.

To be sure, the moving papers raise serious concerns about Diab's representation and how he handled the plaintiffs' money. But to receive the rare remedy of an injunction, the plaintiffs must do more than show that they are likely to win on their money-damages claim. If that's all that is needed, nearly every plaintiff with a good case would seek early payment of their judgment. Instead, plaintiffs must prove that money damages will be inadequate and that they will somehow be irreparably harmed without an injunction. Given that this case boils down to a simple dispute over money, plaintiffs fail on this point. I thus deny plaintiffs' motions for a temporary restraining order and preliminary injunction.

**Discussion**

A "preliminary injunction is an extraordinary remedy never awarded as of right."[1] Plaintiffs bear the burden to show that (1) they are likely to succeed on their claims; (2) they will likely be irreparably harmed if I do not give them preliminary relief; (3) the balance of equities tips in their

---

[1] *Winter v. Natural Res. Def. Council, Inc* ., 555 U.S. 7, 24 (2008).

favor; and (4) an injunction is in the public interest.[2]  Additionally, they must meet the "high hurdle" of showing that "immediate relief is necessary" to prevail on their request for a temporary restraining order.[3]  I have wide discretion to decide whether to grant preliminary injunctive relief.[4]

Although the plaintiffs assert concerning claims that may prevail on the merits,[5] they altogether fail on the irreparable harm factor.  Plaintiffs urge that they need money so that they can buy a house and that they will miss the closing date on their purchase contract if they don't get the money now.  Plaintiffs cite cases holding that real property is considered unique and that losing real property constitutes irreparable harm.[6]  But plaintiffs cannot manufacture an urgent need for money and call it irreparable harm.  Plaintiffs make an impermissible leap from the remedy they seek in this case—money—and the harm they seek protection from—not being able to buy something they want this week.  Preliminary injunctions are meant to protect a parties' remedies, not to protect what those remedies might later be used for.

---

[2] *V'Guara Inc. v. Dec*, 925 F. Supp. 2d 1120, 1123 (D. Nev. 2013); *see also* FRCP 65(b); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

[3] *Stanchart Sec. Int'l, Inc. v. Galvadon*, No. 12CV2522-LAB MDD, 2012 WL 5286952, at *1 (S.D. Cal. Oct. 24, 2012).

[4] *Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir. 1984).

[5] Plaintiffs assert several serious claims against Diab, alleging that he essentially stole money from them while negotiating a settlement on their behalf.  Plaintiffs also allege that Diab attempted to cover up his theft by falsifying documents to make it look like the funds were actually his.  Although the plaintiffs attach some evidence to support their claims, most of it consists of the plaintiffs' own declarations. *See, e.g.,* ECF No. 5 at 5–20.  The attached evidence also includes a state court filing in which Diab responded to these allegations.  ECF No. 5-3 at 10.  These documents reveal another side of the story, with Diab averring that the funds he took were part of an arms-length agreement with his clients and represented his contingency fee for working on their case.  Diab also provided in that state action copies of the alleged agreements indicating that the plaintiffs did indeed agree to split their recovery with him.  ECF no. 3-1 at 245.  While plaintiffs have potentially succeeded in showing a reasonable likelihood of success on the merits, their showing is not strong enough to overcome their failure to prove they are likely to be irreparably harmed.

[6] *See, e.g., Dixon v. Thatcher*, 742 P.2d 1029, 1030 (Nev. 1987) (per curiam).

The plaintiffs' claims boil down to a contract and tort case over money damages. And money "damages are not traditionally considered irreparable because the injury can later be remedied by a monetary award."[7] When courts find an injunction is warranted in money-damages cases, it is usually based on sufficient evidence that the defendant will be insolvent if the court waits for a final judgment or evidence that the defendant is likely to soon dispose of his assets.[8] The Ninth Circuit has explained that this remedy is "restricted to only *extraordinary* cases," like when there is evidence a defendant "has engaged in a pattern of secreting or dissipating assets to avoid judgment."[9]

But plaintiffs have not made that showing. They offer only conclusory allegations that Diab probably has little money and may struggle to continue working as an attorney given his alleged malpractice. These generic allegations fall short of establishing that injunctive relief is needed. There is no evidence suggesting that Diab, a licensed attorney, is likely to soon dispose of or abscond with the disputed money or that he will not be able to replace it with other funds. Plaintiffs attach a screenshot of one of Diab's bank accounts showing that he has only $3,000 in it—but this is meager evidence of Diab's general worth.[10] In short, the plaintiffs fail to establish either that Diab has money that an injunction is needed to protect or that Diab is likely to dispose of any money that he does have.

---

[7] *Jones v. Bank of Am., N.A.*, 2010 WL 2572997, at *12 (D. Ariz. June 22, 2010); *see also Sampson v. Murray*, 415 U.S. 61, 90 (1974) (holding that "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury . . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm").

[8] *See In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1478 (9th Cir. 1994) (discussing preliminary injunctions in money-damages cases).

[9] *Id.* at 1480.

[10] Plaintiffs also allege that Diab has admitted that he does not have enough money to pay them, but they provide no evidence to support this allegation and no information about the context of these alleged admissions. The evidence in the record shows that Diab represented to the state court that he had the funds and was willing to deposit them with the court. ECF No. 5-3.

The preliminary injunction standard asks whether the remedy for the plaintiffs' claims will be jeopardized during the pendency of the case so that the movant needs an injunction to preserve the status quo. But plaintiffs don't want to preserve the status quo, they want a fast pass to judgment and collection, with cash in hand by Thursday. Given that the plaintiffs seek only money damages here, they have failed to show that the extraordinary remedy of an injunction is warranted. I thus deny the plaintiffs' motions for injunctive relief.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiffs' **Motion for Temporary Restraining Order [ECF No. 5] is DENIED.**

IT IS FURTHER ORDERED that the plaintiffs' **Motion for Preliminary Injunction [ECF No. 6] is DENIED.**

IT IS FURTHER ORDERED that the plaintiffs' **Motion for Leave to Filed Excess Pages [ECF No. 7] is GRANTED.**

Dated this 31st day of July, 2017

_____
Jennifer A. Dorsey
United States District Judge